IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA** : **CRIMINAL NO. 1:CR-99-131-01**
:
:
**v.** :
:
:
**JOHN STRINGER** :

## MEMORANDUM AND ORDER

Before the court is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Defendant Stringer. The initial motion as filed was brought pursuant to 28 U.S.C. § 2241 and filed in the United States District Court for the Eastern District of California. Magistrate Judge Nowinski of that district construed the motion as one filed pursuant to 28 U.S.C. § 2255 and transferred the case to the undersigned sentencing judge.

Habeas corpus petitions brought under § 2255 are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts. The rule reads in pertinent part: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ." Rule 4(b) of the Rules Governing Section 2255.

On July 9, 2002, Petitioner filed his first § 2255 motion which was amended on August 2, 2002 and further amended on August 26, 2002. On December 31, 2002, Petitioner filed an additional § 2255 motion. On February 13,

2002, all motions were denied by this court. The appeal of that order was dismissed by the Third Circuit Court of Appeals on August 23, 2004.

Petitioner has two problems: (1) his motion is untimely; and (2) it is a second or successive motion. Petitioner was sentenced by this court on May 23, 2000. He filed an appeal of his sentence on May 26, 2000. On May 7, 2001, the Third Circuit Court of Appeals affirmed the judgment of conviction and Petitioner did not file a petition for writ of certiorari. Title 28 U.S.C. § 2255 contains a limitations period for filing such motions:

> A 1-year period of limitations shall apply to a motion under this section. The limitation period shall run from the latest of –
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

It is obvious that the motion is not timely under subsection (1) above.

Petitioner appears to argue that his petition is timely under subsection (3) as a result of *United States v. Booker*, 125 S. Ct. 738 (2005). However, in the case of *In re Olopade*, 403 F.3d 159, 162 (3d Cir. 2005), the Third Circuit held that *Booker* does not apply retroactively to cases on collateral review.

The instant petition also constitutes a second or successive motion. Such a motion must be certified as provided in 28 U.S.C. § 2244(b)(3)(A). That has not occurred.

In order to avoid the above obstacles, Petitioner initially brought this action pursuant to 28 U.S.C. § 2241. Unless Petitioner can show that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention," *United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000), the proper remedy is § 2255. Such inadequacy or ineffectiveness is present only where it is established " 'that some limitation of scope and procedure would prevent a Section 2255 proceeding from affording the prisoner a full claim of wrongful detention.' " *Id*. at 648 (quoting *United States ex rel Leguillou v. David*, 212 F.2d 681, 684 (3d Cir. 1954). Section 2241, however, should not be used as a way of evading the gatekeeping provisions of § 2255. *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997). Section 2255 is not inadequate or ineffective merely because Petitioner is unable to meet the gatekeeping requirements of Section 2255.

For the foregoing reasons, **IT IS HEREBY ORDERED THAT**:

1) Petitioner is granted leave to proceed *in forma pauperis.*

2) The petition for writ of habeas corpus is **DISMISSED**.

3) The court declines to issue a certificate of appealability.

4) The Clerk of Court shall close the file.

                                       s/Sylvia H. Rambo
                                       SYLVIA H. RAMBO
                                       United States District Judge

Dated:  June 27, 2005.