IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 1:CR-99-131-01** |
| : | |
| v.   : | |
| : | |
| **JOHN STRINGER**   : | |

## MEMORANDUM AND ORDER

Before the court is Petitioner's motion for reconsideration of the action of a magistrate judge of the Eastern District of California in deeming his motion labeled as one pursuant to 28 U.S.C. § 2241 as one pursuant to 28 U.S.C. § 2255. In the motion for reconsideration Petitioner claims the magistrate judge misconstrued his filing as one filed pursuant to 28 U.S.C. § 2255.

A motion to vacate, set aside, or correct a sentence must be brought pursuant to 28 U.S.C. § 2255. *See United States v. Miller*, 197 F.3d 644, 648 n.2 (3d Cir. 1999). The proper venue for relief is in the district court where a defendant is convicted. The magistrate judge properly transferred the captioned matter to the Middle District of Pennsylvania.

This court, in an opinion dated June 27, 2005, addressed the adequacy of § 2255 relief. Petitioner has presented no new arguments on this issue.[1]

---

[1] Petitioner cites *Castro v. United States*, 540 U.S. 375 (2003), in support of his argument that he can not bring a § 2255 petition in this case. In *Castro*, the lower court's recharacterized the petitioner's first motion as one pursuant to § 2255 without prior notice and warning to the petitioner that by doing so he might be foreclosed from bringing a subsequent § 2255 petition. In the captioned case, Petitioner's first § 2255 petition, filed July 9, 2002, was so characterized by Petitioner and was not recharacterized by the court. The *Castro* case is not on point.

**IT IS THEREFORE ORDERED THAT** the motion for reconsideration is **DENIED**.

                                            s/Sylvia H. Rambo
                                            SYLVIA H. RAMBO
                                            United States District Judge

Dated: July 13, 2005.